1  WILLIAM BLUMENTHAL
   General Counsel
2
   JANICE L. CHARTER Colo. Bar No. 12750
3  DAVID M. NEWMAN Cal. Bar No. 54218
   THOMAS DAHDOUH N.Y. Bar No. 2222370
4  Federal Trade Commission
   901 Market Street, Suite 570
5  San Francisco, CA  94103
   Phone (415) 848-5100/ Fax (415) 848-5184
6  jcharter@ftc.gov
   dnewman@ftc.gov
7  tdahdouh@ftc.gov

8  Attorneys for Plaintiff
   Federal Trade Commission
9

10         **UNITED STATES DISTRICT COURT**
           **NORTHERN DISTRICT OF CALIFORNIA**
11              **SAN FRANCISCO DIVISION**

12

13  FEDERAL TRADE COMMISSION,

14       Plaintiff,

15       v.

16  NEXTCLICK MEDIA, LLC, a Delaware
    limited liability company,
17  dba StopSmoking180.com,                   Case No.  4:08-cv-01718   VRW
    StopSmokingResolution.com,
18  BeautifulSkin.com, and
    OnLineDirectProducts;                     **PLAINTIFF'S MOTION FOR A**
19                                            **TEMPORARY RESTRAINING**
    NEXT INTERNET, LLC, a Delaware            **ORDER WITH ASSET FREEZE,**
20  limited liability company;                **APPOINTMENT OF RECEIVER,**
                                              **ORDER TO SHOW CAUSE WHY A**
21  KENNETH CHAN, individually and as an      **PRELIMINARY INJUNCTION**
    officer of NEXTCLICK MEDIA, LLC, and      **SHOULD NOT ISSUE, AND**
22  NEXT INTERNET, LLC;  and                  **OTHER EQUITABLE RELIEF**

23  ALBERT CHEN, individually and as an
    officer of NEXTCLICK MEDIA, LLC,
24

25
                Defendants.
26

27       Plaintiff Federal Trade Commission ("FTC" or "Commission"), pursuant to Rule

28  65(b) of the Federal Rules of Civil Procedure and Local Rule 65-1, respectfully applies

TRO Motion                                                                    Page 1

to this Court on an expedited basis for a Temporary Restraining Order ("TRO").  As grounds for this application, the Commission states that Defendants are engaging in acts and practices that violate Sections 5(a) and 12 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a) and 52; Section 907(a) of the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693e(a); and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b), as set forth in the Complaint, Memorandum of Points and Authorities in support of this motion, and the supporting declarations and exhibits.  Plaintiff asks that the Court enter a TRO that will:

1. Temporarily restrain Defendants from violating Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a) and 52; Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a); and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b);

2. Temporarily restrain Defendants from disposing of individual or corporate assets, including financial accounts, real and personal property, safe deposit boxes, and other assets, all of which are subject to disgorgement and claims of restitution;

3. Temporarily restrain financial institutions from permitting Defendants to dispose of the assets of Defendants and from granting Defendants access to safe deposit boxes;

4. Require financial institutions to file a statement describing any assets held on behalf of Defendants, wherever held, and to provide the Commission with copies of all records pertaining to Defendants' financial accounts;

5. Temporarily restrain Defendants from destroying or disposing of any business records or from failing to maintain business records;

6. Require Defendants to complete financial accounting forms and describe their present individual and corporate financial conditions;

7. Require Defendants to repatriate all assets and corporate records that are located outside of the United States;

8. Require the individual Defendants to give notice of their affiliation with any new or currently-existing business entity;

9. Temporarily restrain Defendants from selling consumer list information;

10. Appoint a temporary receiver over Defendants NextClick Media, LLC, dba StopSmoking180.com, StopSmokingResolution.com, BeautifulSkin.com, and OnLineDirectProducts; and Next Internet, LLC ("Receivership Defendants");

11. Temporarily stay any lawsuit against Receivership Defendants;

12. Permit expedited discovery for the taking of depositions, interrogatories, production of documents, and requests for admissions pursuant to Rules 30(a), 33, 34 and 36 of the Federal Rules of Civil Procedure, concerning the location of Defendants or their assets;

13. Allow the Commission's employees to have access to any Defendant's business premises;

14. Permit the Commission to obtain consumer credit reports for Defendants pursuant to 15 U.S.C. § 1681(1);

15. Require Defendants to immediately provide a copy of the attached TRO to each of their employees and subsidiaries;

16. Require Defendants to show cause why a preliminary injunction would not issue, extending the foregoing temporary relief until the merits of the Commission's allegations are finally adjudicated; and

17. Provide other ancillary equitable relief.

The interests of justice require that this motion be heard on an expedited basis, pursuant to Fed. R. Civ. P. 65(b) and Local Rule 65-1. Hearing this application on an expedited basis will prevent immediate and irreparable damage to the Commission's efforts to redress consumer losses that have resulted from Defendants' law violations. Issuing the TRO with asset freeze and appointment of a temporary receiver will facilitate

TRO Motion                                                                                                          Page 3

1  full and effective relief by preserving the status quo pending a hearing on the requested
2  Preliminary Injunction.
3      This motion is accompanied by a supporting Memorandum, and a proposed TRO
4  and Preliminary Injunction.
5      Pursuant to Local Rule 65-1(b), plaintiff will provide timely notice to Defendants
6  once the Court has set a hearing date for this motion.

10 Dated: March 31, 2008                    Respectfully Submitted,

11                                          WILLIAM BLUMENTHAL
                                            General Counsel

13                                              /S/
                                            JANICE L. CHARTER
14                                          DAVID M. NEWMAN
                                            THOMAS DAHDOUH

15                                          Attorneys for Plaintiff
16                                          Federal Trade Commission