1  WILLIAM BLUMENTHAL
   General Counsel
2
3  JANICE L. CHARTER Colo. Bar No. 12750
   DAVID M. NEWMAN Cal. Bar No. 54218
   THOMAS DAHDOUH N.Y. Bar No. 2222370
4  Federal Trade Commission
   901 Market Street, Suite 570
5  San Francisco, CA  94103
   Phone (415) 848-5100/ Fax (415) 848-5184
6  jcharter@ftc.gov
   dnewman@ftc.gov
7  tdahdouh@ftc.gov

8  Attorneys for Plaintiff
   Federal Trade Commission
9

10      **UNITED STATES DISTRICT COURT**
        **NORTHERN DISTRICT OF CALIFORNIA**
11          **SAN FRANCISCO DIVISION**

12

13  FEDERAL TRADE COMMISSION,

14          Plaintiff,

15              v.

16  NEXTCLICK MEDIA, LLC, a Delaware
    limited liability company, dba Stop
17  Smoking180.com,
    Stopsmokingresolution.com,
18  Beautifulskin.com, and
    OnLineDirectProducts;
19
    NEXT INTERNET, LLC, a Delaware
20  limited liability company,

21  KENNETH CHAN, individually and as an
    officer of NEXTCLICK MEDIA, LLC, and
22  NEXT INTERNET, LLC,  and

23  ALBERT CHEN, individually and as an
    officer of NEXT CLICK MEDIA, LLC,
24

25          Defendants.

26

4:08-cv-01718    VRW

[Proposed]

**TEMPORARY RESTRAINING ORDER WITH ASSET FREEZE, APPOINTMENT OF TEMPORARY RECEIVER, AND OTHER EQUITABLE RELIEF, AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**

27      Plaintiff Federal Trade Commission ("FTC" or "Commission") has filed its

28  Complaint for permanent injunction and other equitable relief in this matter pursuant to

Temporary Restraining Order

Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and Section 917(c) of the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693o(c), and has applied with notice for a temporary restraining order with asset freeze and other equitable relief and for an Order to Show Cause Why a Preliminary Injunction Should Not Issue ("Order") pursuant to Fed. R. Civ. P. 65(b).  The Court has considered the pleadings, declarations, exhibits, and memorandum of law filed in support thereof and makes the following findings of fact:

1.    This Court has jurisdiction over the subject matter of this case, and there is good cause to believe that it will have jurisdiction over all the parties to the case and that venue in this district is proper;

2.    There is good cause to believe that Defendants NextClick Media, LLC, dba StopSmoking180.com, StopSmokingResolution.com, BeautifulSkin.com, and OnLineDirectProducts; Next Internet, LLC; Kenneth Chan; and Albert Chen have engaged in and are likely to engage in acts that violate Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a) and 52, Section 907(a) of EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b); and that the Commission is therefore likely to prevail on the merits of this action;

3.    There is good cause to believe that immediate and irreparable harm will result from Defendants' ongoing violations of the FTC Act through the present advertising, packaging, labeling, and marketing of the products Nicocure, StopSmoking180, and ZeroNicotine unless Defendants are restrained and enjoined by order of this Court;

4.    There is good cause to believe that immediate and irreparable harm will result from Defendants' violations of Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a) and 52, Section 907(a) of EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b), and that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers in the form of monetary redress will occur from the sale, transfer, or other disposition or concealment by

Defendants of their assets unless Defendants are immediately restrained and enjoined by this Order; there is thus good cause for an asset freeze and the appointment of a temporary receiver over the Receivership Defendants;

5.     Good cause exists for requiring Defendants to produce an accounting of their business assets, sworn financial statements, profit-and-loss statements, and an accounting of individual assets and for giving the Commission immediate access to the business premises of the Receivership Defendants;

6.     Weighing the equities and considering the Commission's likelihood of ultimate success, a temporary restraining order with asset freeze, appointment of a temporary receiver, and other equitable relief is in the public interest; and

7.     No security is required of any agency of the United States for issuance of a restraining order.  Fed. R. Civ. P. 65(c).

## ORDER

## DEFINITIONS

For the purposes of this Order, the following definitions shall apply:

1.     "Assets" means any legal or equitable interest in, right to, or claim to any real or personal property including, but not limited to, chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), contracts, shares of stock, and all cash, wherever located;

2.     "Billing Information" means any data that enables any person to access a customer's account, such as a credit card, checking, savings, share or similar account, utility bill, mortgage loan account, or debit card;

3.     "Charge" means any amount charged or debited to a consumer's credit card, checking, savings, share or similar account, utility bill, telephone bill, mortgage loan account, or debit card, or any similar form of collecting money from a consumer;

4.     "Clearly and conspicuously" means that:

a.  with regard to print advertisements, solicitations, or other promotional

material, the disclosure shall be in a type size and location sufficiently noticeable for an ordinary consumer to read and comprehend it, in print that contrasts with the background against which it appears; in multi-page promotional materials, the disclosure shall appear on the cover or first page; and

b.  with regard to Internet advertisements, solicitations, or other promotional material, the disclosure shall be on the same electronic page and next to any advertised price (including free), without the use of pop-up windows or hyperlinks to other electronic pages to display material information and not at the end of a web page that requires consumers to scroll past unrelated information;

5.    "Competent and reliable scientific evidence" shall mean tests, analyses, research, studies, or other evidence based on the expertise of professionals in the relevant area, that has been conducted and evaluated in an objective manner by persons qualified to do so, using procedures generally accepted in the profession to yield accurate and reliable results;

6.    "Continuity Program" means any plan, arrangement, or system under which a consumer receives periodic shipments of products or the provision of services without prior notification by the seller before each shipment or service period, regardless of any trial or approval period allowing the consumer to return or be reimbursed for the product or service;

7.    "Defendant" means NextClick Media, LLC; Next Internet, LLC; Kenneth Chan; or Albert Chen, or any entity or name through which they do business including, but not limited to, StopSmoking180.com, StopSmoking Resolution.com, BeautifulSkin.com, and OnLineDirectProducts;

8.    "Document" is synonymous in meaning and equal in scope to the usage of the term in Fed. R. Civ. P. 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations

1  from which information can be obtained and translated, if necessary, into reasonably

2  usable form through detection devices.  A draft or nonidentical copy is a separate

3  document within the meaning of the term;

4       9.     "Financial institution" shall mean any bank, savings and loan institution,

5  credit union, financial institution, brokerage house, escrow agent, money market or

6  mutual fund, telephone or other common carrier, storage company, trustee or any other

7  person, partnership, corporation, or other legal entity maintaining or having control of

8  any records, accounts or other assets, owned directly or indirectly, of record or

9  beneficially, by any Defendant, including accounts or other assets which any Defendant

10  may control by virtue of being a signatory on said accounts;

11       10.    "Material" means likely to affect a person's choice of, or conduct

12  regarding, goods or services;

13       11.    "Preauthorized Electronic Fund Transfer," as defined by the Electronic

14  Fund Transfer Act, 15 U.S.C. § 1693a(9), means an electronic fund transfer authorized in

15  advance to recur at substantially regular intervals;

16       12.    "Receivership Defendants" means NextClick Media, LLC, dba

17  StopSmoking180.com, StopSmokingResolution.com, BeautifulSkin.com, and

18  OnLineDirectProducts; and Next Internet, LLC; and

19       13.    The terms "and" and "or" in this Order shall be construed conjunctively or

20  disjunctively as necessary, to make the applicable sentence or phrase inclusive rather

21  than exclusive.

## CONDUCT PROHIBITIONS (Sections I through III)

## I.

## Business Activities Related to Continuity Programs

**IT IS HEREBY ORDERED** that, in connection with the advertising, promoting,

offering for sale, or sale of any product or service, Defendants, and their officers, agents,

directors, servants, employees, salespersons, independent contractors, attorneys,

corporations, subsidiaries, affiliates, successors, and assigns, and all other persons or

1  entities in active concert or participation with them, who receive actual notice of this

2  Order by personal service or otherwise, whether acting directly or through any trust,

3  corporation, subsidiary, division, or other device, or any of them, are hereby temporarily

4  restrained and enjoined from:

5          A.      Causing Billing Information to be submitted for payment, directly or

6  indirectly, for any product or service advertised, promoted, offered for sale, or sold as

7  part of an offer or agreement involving a Continuity Program, without obtaining the

8  express informed consent of consumers to be charged for any such product or service

9  using an account identified with sufficient specificity for consumers to understand what

10 account will be charged.  To evidence consumers' express informed consent, Defendants

11 must disclose clearly and conspicuously, before consumers provide any billing

12 information or pay any fee, all material terms and conditions of the offer or agreement,

13 and obtain consumers' affirmative agreement.  Material terms and conditions of an offer

14 or agreement involving a Continuity Program include, but are not limited to:

15          1.      the fact that the customer's account will be charged unless the

16                  customer takes an affirmative action to avoid the Charge(s);

17          2.      the date(s) the Charge(s) will be submitted for payment;

18          3.      the specific steps the customer must take to avoid the Charge(s);

19          4.      all material terms and conditions of a guarantee, refund, or return

20                  policy, or if Defendants have a policy of not making refunds or

21                  accepting returns, a statement that this is Defendants' policy;

22          5.      the fact, if true, that periodic shipments of products or the periodic

23                  provisions or the continuation of services will occur without further

24                  action by consumers;

25          6.      a description of each good or the type of good to be included in each

26                  shipment or a description of the services that will be performed or

27                  continued;

28          7.      if the products are shipped or services provided on a periodic basis,

1         the approximate interval between each shipment or service period or

2         the number of shipments or service periods per year;

3      8.    the cost or range of costs for each shipment or service period,

4         including shipping and handling fees and restocking fees;

5      9.    the minimum number of purchases or minimum service period

6         required by Defendants, if any; and

7     10.   any limitations or restrictions concerning free trials that Defendants

8         offer to consumers in connection with a Continuity Program

9         including, but not limited to, the dates that a free trial period begins

10        and ends;

11    B.    Misrepresenting, in any manner, expressly or by implication:

12      1.    any fact material to a consumer's decision to purchase any product

13         or service sold or offered for sale by any Defendant; and

14      2.    any material terms and conditions of an offer or agreement

15         involving a Continuity Program including, but not limited to:

16         a.    the fact that the consumers' account(s) will be charged unless

17            they take affirmative action to avoid the Charge(s);

18         b.    the date(s) the Charge(s) will be submitted for payment;

19         c.    the specific steps consumers must take to avoid the Charge(s)

20            or to cancel the Continuity Program;

21         d.    that any product or service offered as part of an offer or

22            agreement involving a Continuity Program is not offered as

23            part of such an offer or agreement, or may be purchased

24            without entering into such an agreement;

25         e.    that consumers can "cancel anytime" or the period of time

26            within which consumers can cancel;

27         f.    that consumers have agreed to receive additional products or

28            services;

g.    that consumers are obligated to pay for subsequently shipped products or services provided;

h.    that Defendants will honor consumers' requests to cancel their participation in Defendants' programs;

i.    that consumers will be able to cancel their participation in Defendants' programs easily; and

j.    that Defendants will use consumers' credit or debit card account numbers only to charge for shipping and handling;

C.    Failing to honor a request that Defendants receive to cancel any sale or transaction involving enrollment in a Continuity Program, and to provide a refund in accordance with Defendants' disclosed guarantee, refund, or return policy; and

D.    If Defendants require any mechanism in order for a consumer to obtain a refund, including, but not limited to, a return authorization number, failing to employ technology and personnel sufficient to enable a consumer to obtain such mechanism within one business day of the consumer's first attempt to obtain such mechanism.

**II.**

**Business Activities Prohibited Pursuant to the Electronic Fund Transfer Act**

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, directors, servants, employees, salespersons, independent contractors, attorneys, corporations, subsidiaries, affiliates, successors, and assigns, and all other persons or entities in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, are hereby temporarily restrained and enjoined from:

A.    In connection with any consumer who is enrolled into any Continuity Program subsequent to the date of this Order and who uses a debit card or other means of electronic funds transfer,

1.    failing to obtain written authorization for preauthorized Electronic

Temporary Restraining Order                                                    Page 8

1    Fund Transfers from a consumer's account before initiating any

2    Preauthorized Electronic Fund Transfer, as required by Section

3    907(a) of EFTA, 15 U.S.C. § 1693e(a) and Section 205.10(b) of

4    Regulation E, 12 C.F.R. § 205.10(b), as more fully set out in Section

5    205.10 of the Federal Reserve Board's Official Staff Commentary to

6    Regulation E, 12 C.F.R. § 205, Supp. I; and

7    2.    failing to maintain procedures reasonably adapted to avoid an

8    unintentional failure to obtain written authorization for a

9    Preauthorized Electronic Fund Transfer, as required in Section

10    205.10 of the Federal Reserve Board's Official Staff Commentary to

11    Regulation E, 12 C.F.R. § 205, Supp. I; and

12    B.    In connection with any consumer who was enrolled into any Continuity

13    Program prior to the date of this Order and who indicated the use of a credit card when in

14    fact a debit card was used, if entities covered by this provision later find that the card

15    used is a debit card, failing to obtain written authorization for preauthorized Electronic

16    Fund transfers from the consumer's account as soon as reasonably possible, or ceasing to

17    debit the consumer's account, as required by Section 907(a) of EFTA, 15 U.S.C.

18    § 1693e(a) and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b), as more fully

19    set out in Section 205.10 of the Federal Reserve Board's Official Staff Commentary to

20    Regulation E, 12 C.F.R. § 205, Supp. I.

21    **III.**

22    **Prohibited Representations About Smoking-Cessation Products**

23    **IT IS FURTHER ORDERED** that, in connection with the manufacturing,

24    labeling, advertising, promotion, offering for sale, sale, or distribution of any smoking-

25    cessation product, Defendants, and their officers, agents, directors, servants, employees,

26    salespersons, independent contractors, attorneys, corporations, subsidiaries, affiliates,

27    successors, and assigns, and all other persons or entities in active concert or participation

28    with them, who receive actual notice of this Order by personal service or otherwise,

Temporary Restraining Order                                      Page 9

whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, are hereby temporarily restrained and enjoined from making any representation, in any manner, expressly or by implication, about the absolute or comparative benefits, performance, efficacy, safety, or side effects of such product, including, but not limited to, any representation that such product:

A.    Is more effective than nicotine patches, nicotine gum, and prescription medications for smoking cessation; and

B.    Has a certain level of effectiveness;

unless the representation, including any such representation made through the use of endorsements or trade names, is true, non-misleading, and, at the time it is made, Defendants possess and rely upon competent and reliable scientific evidence that substantiates such representation.

### IV.

### ASSET FREEZE

**IT IS FURTHER ORDERED** that Defendants and their officers, directors, agents, servants, employees, salespersons, distributors, corporations, subsidiaries, affiliates, successors, assigns, and those persons or entities in active concert or participation with them who receive actual notice of this Order by personal service, facsimile, or otherwise, are hereby temporarily restrained and enjoined from:

A.    Selling, liquidating, assigning, transferring, converting, loaning, encumbering, pledging, concealing, dissipating, spending, withdrawing, or otherwise disposing of any funds, real or personal property, or other assets or any interest therein, wherever located, including any assets outside the territorial United States, that are:

1.    in the actual or constructive possession of any Defendant; or

2.    owned or controlled by, or held, in whole or in part for the benefit of, or subject to access by, or belonging to, any Defendant; or

3.    in the actual or constructive possession of, or owned or controlled by, or subject to access by, or belong to, any corporation,

1   partnership, trust, or other entity directly or indirectly under the

2   control of any Defendant;

3       B.    Opening or causing to be opened any safe deposit boxes titled in the name

4   of any Defendant, or subject to access by any Defendant;

5       C.    Incurring charges or cash advances on any credit or debit card issued in the

6   name, singly or jointly, of any Defendant, or any corporation, partnership, or other entity

7   directly or indirectly owned, managed, or controlled by any Defendant; and

8       D.    Failing to disclose to the Commission, immediately upon service of this

9   Order, information that fully identifies each asset of any Defendant, and each entity

10  holding such asset, including, but not limited to, the entity's name, address, and

11  telephone number, the number of the account, and the name under which the account is

12  held.

13      **Provided, however,** that, pending further order of the Court, Defendants Kenneth

14  Chan and Albert Chen shall each be allowed to spend up to, but no more than, $_____

15  per day of previously acquired assets for living expenses out of a personal account which

16  has been identified to the Commission.

17  **V.**

18  **RETENTION OF ASSETS BY THIRD PARTIES**

19      **IT IS FURTHER ORDERED** that, pending determination of the Commission's

20  request for a preliminary injunction, any bank, savings and loan, financial or brokerage

21  institution, fund, escrow agent, trustee, mail receipt facility, or other person or entity

22  served with a copy of this Order, or who otherwise has actual knowledge of this Order,

23  that has possession, custody, or control of any account, asset, safe deposit box, or

24  document held on behalf of, or relating or belonging to NextClick Media, LLC; Next

25  Internet, LLC; Kenneth Chan; or Albert Chen shall:

26      A.    Hold and retain within such entity's or person's control, and prohibit the

27  withdrawal, removal, assignment, transfer, pledge, hypothecation, encumbrance,

28  disbursement, dissipation, conversion, sale, liquidation, or other disposal of any funds,

documents, property, or other assets held by or under such entity's or person's control:

        1.    on behalf of, or for the benefit of, any Defendant;

        2.    in any account maintained in the name of, or subject to withdrawal by, any Defendant; or

        3.    that are subject to access or use by, or under the signatory power of, any Defendant;

B.    Deny access to any safe deposit box that is:

        1.    titled in the name, individually or jointly, of any Defendant; or

        2.    subject to access by any Defendant;

        3.    **Provided, however**, that the Temporary Receiver may have access to any safe deposit box titled in the name of NextClick Media, LLC, or Next Internet, LLC, or subject to access by agents of NextClick Media, LLC, or Next Internet, LLC;

C.    Provide to counsel for the Commission and to the Temporary Receiver, within three (3) days, a statement setting forth:

        1.    the identification of each account or asset titled in the name, individually or jointly, or held on behalf of, or for the benefit of, any Defendant, whether in whole or in part;

        2.    the balance of each such account, or a description of the nature and value of such asset;

        3.    the identification of any safe deposit box that is either titled in the name of, individually or jointly, or is otherwise subject to access or control by, any Defendant, whether in whole or in part; and

        4.    for any account, safe deposit box, or other asset that has been closed or removed within one year from the date of entry of this Order, the date closed or removed and the balance on said date; and

D.    Upon request by the Commission or by the Temporary Receiver, promptly provide the Commission or the Temporary Receiver with copies of all records or other

documentation pertaining to such account, asset, or safe deposit box, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

The accounts subject to this Paragraph include existing assets and assets deposited after the effective date of this Order. This Paragraph shall not prohibit transfers or withdrawals in accordance with any provision of this Order, authorized in writing by counsel for the Commission, by the Temporary Receiver, or by further order of the Court.

## VI.

## PRESERVATION OF RECORDS AND OTHER EVIDENCE

**IT IS FURTHER ORDERED** that Defendants, and their officers, directors, agents, servants, employees, salespersons, distributors, corporations, subsidiaries, affiliates, successors, assigns, and those persons or entities in active concert or participation with them who receive actual notice of this Order by personal service, facsimile, or otherwise, are hereby enjoined from:

A.    Destroying, erasing, mutilating, concealing, altering, transferring or otherwise disposing of, in any manner, directly or indirectly, any smoking cessation product or any product involving a Continuity Program advertised, marketed, promoted, offered for sale, distributed, or sold by any Defendant;

B.    Destroying, erasing, mutilating, concealing, altering, transferring or otherwise disposing of, in any manner, directly or indirectly, contracts, agreements, customer files, customer lists, customer addresses and telephone numbers, correspondence, advertisements, brochures, sales material, training material, sales presentations, documents evidencing or referring to products or services sold by Defendants, data, computer tapes, disks, or other computerized records, books, written or printed records, handwritten notes, telephone logs, "verification" or "compliance" tapes or other audio or video tape recordings, receipt books, invoices, postal receipts, ledgers,

personal and business canceled checks and check registers, bank statements, appointment books, copies of federal, state or local business or personal income or property tax returns, and other documents or records of any kind, including electronically-stored materials, that relate to the business practices or business or personal finances of any Defendant or other entity directly or indirectly under the control of any Defendant; and

C.    Failing to create and maintain books, records, and accounts which, in reasonable detail, accurately, fairly, and completely reflect the incomes, assets, disbursements, transactions, and use of monies by any Defendant or other entity directly or indirectly under the control of any Defendant.

## VII.

## ACCOUNTING PROVISIONS

**IT IS FURTHER ORDERED** that, within five (5) business days after service of this Order,

A.    For any smoking-cessation product or service, or for any product or service involving a Continuity Program, which Defendants, their officers, directors, agents, servants, employees, salespersons, distributors, corporations, subsidiaries, affiliates, successors, or assigns have advertised, marketed, promoted, offered for sale, or sold, Defendants shall serve on counsel for the Commission a detailed accounting, broken down by product or service, of:

       1.    all gross revenues obtained from sales connected with any such promotions, products, or services from inception of sales through the date of service of this Order;

       2.    all net profits obtained from sales connected with any such promotions, products, or services from inception of sales through the date of service of this Order; and

       3.    the total number of sales connected with any such promotions, products, or services;

B.    Defendants shall prepare and provide to the Commission complete and

accurate individual and corporate financial statements, in a form to be provided by the Commission, signed under penalty of perjury, and copies of personal and corporate income tax returns (local, state, and federal) for the last three (3) years;

C.    Defendants shall further provide the Commission with a complete and accurate corporate financial statement in a form to be provided by the Commission, signed under penalty of perjury, for any corporation owned or controlled by any Defendant and not named in the caption;

D.    The Receivership Defendants shall provide profit-and-loss statements from the date of incorporation or formation through the date of this Order;

E.    Defendants shall further provide the Commission with statements, verified under oath, of all transfers and assignments of assets and property worth five thousand dollars ($5,000) or more by any Defendant since January 1, 2006, that shall include the amount or value transferred or assigned, the name and address of the transferee or assignee, the date of the transfer or assignment, and the type and amount of consideration paid to any such Defendant; and

F.    Each Defendant shall provide the Commission with access to records and documents pertaining to assets of such Defendant that are held by financial institutions outside the territory of the United States, by signing a document entitled "Consent to Release of Financial Records," which the Commission shall provide.

**VIII.**

**REPATRIATION OF ASSETS**

**IT IS FURTHER ORDERED** that, within five (5) business days after service of this Order, each Defendant shall:

A.    Repatriate to the United States all funds, documents, or assets in foreign countries held, jointly or singly, either by, for the benefit of, or under the direct or indirect control of such Defendant;

B.    On the same business day as any repatriation under Subparagraph A above,

1.    notify the Commission and the Temporary Receiver of the name and

1        location of the financial institution or other entity that is the

2        recipient of such funds, documents, or assets; and

3              2.      serve this Order on any such financial institution or other entity;

4        C.      Provide the Commission and the Temporary Receiver with a full

5   accounting of all funds, documents, and assets outside of the territory of the United

6   States held, jointly or singly, either by, for the benefit of, or under the direct or indirect

7   control of such Defendant; and

8        D.      Hold and retain all repatriated funds, documents, and assets and prevent

9   any transfer, disposition, or dissipation whatsoever of any such assets or funds.

10                                      **IX.**

11                  **INTERFERENCE WITH REPATRIATION**

12        **IT IS FURTHER ORDERED** that Defendants are hereby temporarily restrained

13   and enjoined from taking any action, directly or indirectly, which may result in the

14   encumbrance or dissipation of foreign assets, or in the hindrance of the repatriation

15   required by Section VIII of this Order, including but not limited to:

16        A.      Sending any statement, letter, fax, e-mail or wire transmission, telephoning

17   or engaging in any other act, directly or indirectly, that results in a determination by a

18   foreign trustee or other entity that a "duress" event has occurred under the terms of a

19   foreign trust agreement, until such time that all assets have been fully repatriated

20   pursuant to Section VIII of this Order; and

21        B.      Notifying, or causing the notification of, any trustee, protector or other

22   agent of any foreign trust or other related entities of either the existence of this Order, or

23   of the fact that repatriation is required pursuant to a Court Order, until such time that all

24   assets have been fully repatriated pursuant to Section VIII of this Order.

25                                      **X.**

26                  **NOTIFICATION OF BUSINESS ACTIVITIES**

27        **IT IS FURTHER ORDERED** that Defendants Kenneth Chan and Albert Chen

28   are hereby restrained and enjoined from creating, operating, or exercising any control

1    over any business entity, including any partnership, limited partnership, joint venture,

2    sole proprietorship, or corporation, without first providing counsel for the Commission

3    with a written statement disclosing the following: (1) the name of the business entity; (2)

4    the address and telephone number of the business entity; (3) the names of the business

5    entity's officers, directors, principals, managers, and employees; and (4) a detailed

6    description of the business entity's intended activities.

7    **IT IS FURTHER ORDERED** that Defendants Kenneth Chan and Albert Chen

8    shall notify the Commission at least seven (7) days prior to any affiliation with any new

9    or previously inactive business or employment.  Each notice shall include the applicable

10    Defendant's new business address and a statement of the nature of the new business or

11    employment and of his duties and responsibilities in connection with that business or

12    employment.

13                                                    **XI.**

14                          **NON-DISCLOSURE OF CONSUMER LISTS**

15    _____**IT IS FURTHER ORDERED** that Defendants are temporarily restrained and

16    enjoined from selling, renting, leasing, transferring, or otherwise disclosing the name,

17    date of birth, address, telephone number, credit card number, bank account number, e-

18    mail address, or other identifying information of any person who submitted such

19    information to Defendants at any time prior to entry of this Order, **provided, however**,

20    that Defendants may disclose such identifying information to a law enforcement agency,

21    or as required by any law, regulation, or court order.

22                                                    **XII.**

23                          **APPOINTMENT OF TEMPORARY RECEIVER**

24    **IT IS FURTHER ORDERED** that _____ is hereby

25    appointed Temporary Receiver, with the full power of an equity receiver, for the

26    Receivership Defendants.  The Temporary Receiver shall be the agent of this Court and

27    solely the agent of this Court in acting as receiver under this Order.  The Temporary

28    Receiver shall be accountable directly to this Court.  The Temporary Receiver shall file

reports with the Court every ninety (90) days updating the Court on the status of Receivership Defendants, the fulfillment of the Temporary Receiver's duties as set forth in this Order, and any other relevant issues whose inclusion the Temporary Receiver deems appropriate. The Temporary Receiver shall comply with all Local Rules of this Court governing receivers. The Temporary Receiver has the directions and authority to:

A. Assume full control of the Receivership Defendants and all power of the Receivership Defendants' directors, officers, and managers, and remove Defendants Kenneth Chan and Albert Chen, and any other officer, independent contractor, employee, attorney, or agent of the Receivership Defendants, from control or management of, or participation in, the affairs of the Receivership Defendants as the Temporary Receiver deems necessary and advisable;

B. Take immediate and exclusive custody, control, and possession of all properties, premises, assets, and documents of, in the possession of, or under the control of, either Receivership Defendant, wherever situated, including, but not limited, to 667 Folsom Street in San Francisco, CA, 94107; 880 Harrison Street in San Francisco, CA, 94107; 2525 East Charleston Road, Suite 101, and 2513 East Charleston Road, Suite 102, in Mountain View, CA, 94043; and PO Box 390351 in Mountain View, CA, 94039. The Temporary Receiver shall have full power to divert mail and to sue for, collect, receive, and take possession of:

1. all assets and documents of the Receivership Defendants and members of the public whose interests are now held by or are under the direction, possession, custody, or control of either Receivership Defendant; and

2. all sums of money now or hereafter due and owing to either Receivership Defendant. Provided, however, that the Temporary Receiver shall not attempt to collect any amount from a consumer if the Temporary Receiver believes the consumer was a victim of the unfair or deceptive acts or practices alleged in the Complaint in this

1    matter;

2    C.    Perform all acts necessary to conserve, hold, manage, and preserve the

3    value of all such assets;

4    D.    Hold, preserve, and administer the business of the Receivership Defendants

5    until further order of this Court, with full authority to perform all acts necessary or

6    incidental thereto, including retaining, hiring, or dismissing any employees, independent

7    contractors, or agents;

8    E.    Take such actions and enter into such agreements in connection with the

9    administration of the Receivership Defendants as the Temporary Receiver deems

10    necessary;

11    F.    Choose, engage, and employ attorneys, accountants, appraisers, and other

12    independent contractors, and technical specialists, as the Temporary Receiver deems

13    advisable or necessary in the performance of duties and responsibilities under the

14    authority granted by this Order;

15    G.    Make payments and disbursements from the receivership estate that the

16    Temporary Receiver deems necessary to secure or preserve the Receivership Defendants'

17    assets or to carry out the Temporary Receiver's mandate under this Order;

18    H.    Institute, prosecute and defend, compromise, intervene in, or become party

19    to such actions or proceedings in state, federal, or foreign court that the Temporary

20    Receiver deems necessary to collect, recover, protect, maintain, or preserve the value of

21    the assets of the Receivership Defendants or to carry out the Temporary Receiver's

22    mandate under this Order;

23    I.    Defend, compromise, or otherwise dispose of any actions or proceedings

24    instituted against the Temporary Receiver in his role as Temporary Receiver or the

25    Receivership Defendants, whether now pending or hereinafter filed, that the Temporary

26    Receiver deems necessary to preserve the assets of the Receivership Defendants or to

27    carry out the Temporary Receiver's mandate under this order;

28    J.    Take all steps the Temporary Receiver deems necessary to secure the

business premises of the Receivership Defendants, including, but not limited to:

      1.    completing a written inventory of all receivership assets;

      2.    obtaining pertinent information from all employees and other agents of the Receivership Defendants, such as the name, home address, social security number, job description, method of compensation, accrued and unpaid commission and compensation of each employee or agent;

      3.    changing the premises' locks and disconnecting any computer modems or other means of access to the computer systems or to documents maintained at that location; and

      4.    requiring any persons present on the premises to leave the premises, to provide the Temporary Receiver with proof of identification, and to demonstrate to the Temporary Receiver's satisfaction that such persons are not removing from the premises any of the Receivership Defendants' documents or assets;

K.    Obtain, by presentation of this Order, tangible and intangible assets as well as information in the custody or control of any person, firm, or entity sufficient to identify the accounts, employees, properties, or other assets or obligations of the Receivership Defendants;

L.    Issue subpoenas to obtain documents pertaining to the receivership, conduct discovery in this action on behalf of the receivership estate, attend any deposition noticed by any party to this action, and ask any question of any deponent which, in the Temporary Receiver's opinion, is pertinent to the receivership estate;

M.    Allow representatives of the Commission and the Defendants reasonable access to inspect the Receivership Defendants' books, records, accounts, premises, and other property, wherever located;

N.    Determine and implement the manner in which the Receivership Defendants will comply with, and prevent violations of, this Order and all other

applicable laws, including, but not limited to, revising sales materials and implementing monitoring procedures;

O.     Continue and conduct the business of the Receivership Defendants in such manner, to such extent, and for such duration as the Temporary Receiver may in good faith deem to be necessary or appropriate to operate the business profitably and lawfully, if at all; provided, however, that the continuation and conduct of the business shall be conditioned upon the Temporary Receiver's good faith determination that the businesses can be lawfully operated at a profit using the assets of the receivership estate; and

P.     Open one or more bank accounts as designated depositories for funds of the Receivership Defendants.  The Temporary Receiver shall deposit all funds of the Receivership Defendants in such designated accounts and shall make all payments and disbursements from the receivership estate from such accounts.

## XIII.

## COMPENSATION FOR TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that the Temporary Receiver and all personnel hired by the Temporary Receiver shall be entitled to reasonable compensation for the services they render to the receivership estate and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by, in the possession or control of, or which may be received by the Receivership Defendants.  The Temporary Receiver shall file with the Court and serve on the parties periodic requests for payment, outlining the services rendered and the related fees and expenses, with the first such request filed no more than sixty (60) days after the entry of this Order.  The Temporary Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

## XIV.

## TEMPORARY RECEIVER'S BOND

**IT IS FURTHER ORDERED** that the Temporary Receiver shall file with the Clerk of this Court a bond in the sum of _____ with sureties to be

Temporary Restraining Order                                    Page 21

1    approved by the Court, conditioned that the Temporary Receiver will well and truly

2    perform the duties of the office and abide by and perform all acts the Court directs.

### XV.

### DELIVERY OF RECEIVERSHIP PROPERTY

5        **IT IS FURTHER ORDERED** that Defendants and any other person or entity

6    served with a copy of this Order, shall immediately deliver or transfer possession,

7    custody, and control of the following to the Temporary Receiver:

8            A.    All assets of the Receivership Defendants;

9            B.    All documents and records relating to the assets of the Receivership

10   Defendants, including, but not limited to, financial and accounting records, balance

11   sheets, income statements, bank records (including monthly statements, canceled checks,

12   records of wire transfers, and check registers), distributor lists, and title documents;

13           C.    All keys, lock combinations, passwords, or codes required to open, gain

14   access to, or secure any of the Receivership Defendants' assets or documents, including,

15   but not limited to, access to their business premises, computer systems or files, telephone

16   or other communication systems, and bank accounts; and

17           D.    Information identifying the assets, employees, or obligations of the

18   Receivership Defendants.

19       **IT IS FURTHER ORDERED** that in the event any person or entity fails to

20   deliver or transfer any asset or otherwise fails to comply with any provision of this

21   Paragraph, the Temporary Receiver may file *ex parte* an Affidavit of Non-Compliance

22   regarding the failure.  Upon the filing of the affidavit, the Court may authorize, without

23   additional process or demand, Writs of Possession or Sequestration or other equitable

24   writs requested by the Temporary Receiver.  The writs shall authorize and direct the

25   United States Marshal or any sheriff or deputy sheriff of any county (pursuant to Fed. R.

26   Civ. P. 4(c)(1)), or any other federal or state law enforcement officer, to seize the asset,

27   document, or other thing and to deliver it to the Temporary Receiver.

28

**XVI.**

**COOPERATION WITH THE TEMPORARY RECEIVER**

**IT IS FURTHER ORDERED** that all Defendants, and their agents, servants, employees, and attorneys, and all persons or entities directly or indirectly under the control of any of them, and all other persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, and each such person, shall cooperate fully with and assist the Temporary Receiver. Such cooperation and assistance shall include, but not be limited to, providing any information to the Temporary Receiver that the Temporary Receiver deems necessary to exercise the authority and discharge the responsibilities of the Temporary Receiver under this Order; providing any password required to access any computer or electronic files in any medium; or advising all persons who owe money to any of the Receivership Defendants (other than customers) that all debts should be paid directly to the Temporary Receiver. All Defendants are hereby restrained and enjoined from directly or indirectly:

A.    Transacting any of the business of the Receivership Defendants, or transacting business under the names NextClick Media, LLC; Next Internet, LLC; any of their dba entities; or any substantially similar names;

B.    Destroying, secreting, defacing, transferring, or otherwise altering or disposing of any documents of either of the Receivership Defendants, including, but not limited to, books, records, accounts, or any other papers of any kind or nature;

C.    Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, either of the Receivership Defendants, or the Temporary Receiver;

D.    Excusing debts owed to either Receivership Defendant;

E.    Failing to notify the Temporary Receiver of any asset, including accounts, of either Receivership Defendant held in any name other than the name of either

1  Receivership Defendant, or by any person or entity other than the Receivership

2  Defendants, or failing to provide any assistance or information requested by the

3  Temporary Receiver in connection with obtaining possession, custody, or control of such

4  assets; or

5        F.      Doing any act or refraining from any act whatsoever to interfere with the

6  Temporary Receiver's taking custody, control, possession, or management of the assets

7  or documents subject to this receivership; or to harass or interfere with the Temporary

8  Receiver in any way; or to interfere in any manner with the exclusive jurisdiction of this

9  Court over the assets or documents of either Receivership Defendant; or to refuse to

10  cooperate with the Temporary Receiver or the Temporary Receiver's duly authorized

11  agents in the exercise of their duties or authority under any order of this Court.

12  **XVII.**

13  **TRANSFER OF FUNDS TO THE TEMPORARY RECEIVER**

14        **IT IS FURTHER ORDERED** that, upon service of a copy of this Order, all

15  banks, broker-dealers, savings and loan associations, escrow agents, title companies,

16  commodity trading companies, and other financial institutions shall cooperate with all

17  reasonable requests of the Temporary Receiver relating to implementation of this Order,

18  including transferring funds at his direction and producing records related to the assets of

19  either of the Receivership Defendants.

20  **XVIII.**

21  **STAY OF ACTIONS**

22        **IT IS FURTHER ORDERED** that, except by leave of this Court and except for

23  any federal, state, or local law enforcement or regulatory authority action against the

24  Receivership Defendants, during the pendency of the receivership, Defendants and all

25  other persons seeking to establish or enforce any claim, right, or interest against or on

26  behalf of either Receivership Defendant, be and hereby are stayed from:

27        A.      Commencing, prosecuting, continuing, or enforcing any suit against either

28  Receivership Defendant, except that such actions may be filed to toll any applicable

Temporary Restraining Order                         Page 24

1  statute of limitations;

2      B.    Commencing, prosecuting, continuing, or enforcing any suit or proceeding

3  in the name of or on behalf of either Receivership Defendant;

4      C.    Accelerating the due date of either Receivership Defendant's obligation or

5  claimed obligation; enforcing any lien upon, or taking, attempting to take, or retaining

6  possession of either Receivership Defendant's assets; attempting to foreclose, forfeit,

7  alter, or terminate any interests of either Receivership Defendant, whether such acts are

8  part of a judicial proceeding or otherwise;

9      D.    Using self-help or executing or issuing any process to impound, take

10  possession of, interfere with, create, or enforce a lien upon any asset owned by or in the

11  possession of either Receivership Defendant, the Temporary Receiver, or any agent

12  appointed by the Temporary Receiver; and

13      E.    Committing any act to interfere with the Temporary Receiver's taking

14  control, possession, or management of the Receivership Defendants and their assets and

15  documents, or to interfere with the exclusive jurisdiction of this Court over the property

16  and assets of the Receivership Defendants.

17      **Provided** that this Paragraph does not stay any suit pending in a State court, upon

18  motion and a finding by the Court that the moving party will suffer substantial injury if it

19  is not permitted to proceed.

20                                    **XIX.**

21                        **LIMITED EXPEDITED DISCOVERY**

22      **IT IS FURTHER ORDERED** that the Commission is granted leave at any time

23  after service of this Order to take the deposition of and demand the production of

24  documents from any person or entity for the purpose of discovering the location of a

25  Defendant or the nature, location, status, and extent of assets of any Defendant or their

26  affiliates.  Two (2) business days' notice shall be deemed sufficient for any such

27  production of documents or the taking of a deposition from any Defendant, and three (3)

28  business days' notice shall be deemed sufficient for any such production of documents or

Temporary Restraining Order                                    Page 25

1    the taking of a deposition from any other person or entity including, but not limited to,

2    any financial institution.  The production of documents submitted pursuant to this

3    provision shall not in any way waive the Commission's rights to seek the production of

4    additional documents.  The limitations and conditions set forth in Fed. R. Civ. P.

5    30(a)(2)(B) regarding subsequent depositions of an individual shall not apply to

6    depositions taken pursuant to this Section XIX, nor shall any depositions taken pursuant

7    to this Section XIX count towards the ten-deposition limit set forth in Fed. R. Civ. P.

8    30(a)(2)(A).

9                                                    **XX.**

10                                   **RIGHT OF IMMEDIATE ACCESS**

11              **IT IS FURTHER ORDERED** that Defendants, the Temporary Receiver, and any

12    other person who receives actual notice of this Order by personal service or otherwise,

13    shall permit the Commission's employees, agents, and assistants immediate access to any

14    Defendant's business premises and storage facilities, whether owned, controlled, or used

15    by any Defendant in whole or in part, including, but not limited to, the offices located at

16    667 Folsom Street in San Francisco, CA, 94107; 880 Harrison Street in San Francisco,

17    CA, 94107; and 2525 East Charleston Road, Suite 101 and 2513 East Charleston Road,

18    Suite 102, in Mountain View, CA, 94043.  The purpose of this access shall be to effect

19    service and to inspect, copy, and inventory documents or other material relevant to this

20    action.  The Commission's representatives may remove original documents from

21    Defendants' business premises to make photocopies, provided that the originals are

22    returned within a reasonable period of time.  Defendants, to the extent that they are in

23    possession of documents relevant to this action, shall provide Commission employees,

24    agents, and assistants with any necessary means of access to these documents including,

25    but not limited to, keys and lock combinations, computer access codes, and storage

26    access information.  Defendants are hereby enjoined and restrained from interfering with

27    the Commission's right of access described herein.

28              **IT IS FURTHER ORDERED** that the Temporary Receiver shall subsequently

allow the Commission's representatives, and the representatives of the Receivership

Defendants and of Defendants Kenneth Chan and Albert Chen, and Defendants Kenneth

Chan and Albert Chen themselves reasonable access to the business premises of the

Receivership Defendants for the purpose of inspecting and copying any and all books,

records, accounts, and other property owned by or in the possession of the Receivership

Defendants.  The Temporary Receiver shall have the discretion to determine the time and

manner of this access.

**IT IS FURTHER ORDERED** that if, at the time of service of this Order, any

records or property relating to any Defendant's business or assets are located in the

personal residence of any individual Defendant, then such individual Defendant shall,

within forty-eight (48) hours of service of this Order, produce to the Commission, at a

location designated by the Commission:

A.    All contracts, accounting data, written or electronic correspondence,

advertisements, computer tapes, discs, or other computerized or electronic records,

books, written or printed records, handwritten notes, telephone logs, telephone scripts,

telephone bills, receipt books, membership records and lists, refund records, receipts,

ledgers, bank records (including personal and business monthly statements, canceled

checks, records of wire transfers, and check registers), appointment books, copies of

federal, state, and local business or personal income or property tax returns, 1099 forms,

title records, and other documents or records of any kind that relate to any Defendant's

business and assets; and

B.    All computers and data in whatever form, used by Defendants, in whole or

in part, relating to any Defendant's business and assets, along with any passwords or

other codes necessary for accessing such computers or data.

## XXI.

## <u>CONSUMER REPORTS</u>

**IT IS FURTHER ORDERED** that the Commission may obtain consumer reports

concerning any Defendant pursuant to Section 604(a)(1) of the Fair Credit Reporting

Act, 15 U.S.C. § 1681b(a)(1), and that, upon written request, any credit reporting agency from which such reports are requested shall provide them to the Commission.

**IT IS FURTHER ORDERED** that the Commission may provide to the Temporary Receiver copies of any consumer reports it receives pursuant to this provision.

## XXII.

## DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each affiliate, subsidiary, division, sales entity, successor, assign, officer, director, employee, independent contractor, distributor, agent, attorney, ad broker, advertising agency, fulfillment house, call center, domain registrar, mail receipt facility, and representative of any Defendant, and, within ten (10) calendar days following service of this Order on Defendants, Defendants shall provide the Commission with an affidavit identifying the names, titles, addresses, and telephone numbers of the persons and entities that Defendants have served with a copy of this Order in compliance with this provision. The Temporary Receiver has no obligation under this provision.

## XXIII.

## SERVICE OF THIS ORDER BY THE COMMISSION

**IT IS FURTHER ORDERED** that copies of this Order may be served by facsimile transmission, email, personal or overnight delivery, or U.S. Mail, by employees of the Commission, employees of any other law enforcement agency, agents of any process servers retained by the Commission, the Temporary Receiver, or agents of the Temporary Receiver on (1) Defendants, (2) any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of any Defendant, or (3) any other person or entity that may be subject to any provision of this Order.  Service upon any branch or office of any entity shall effect service upon the entire entity.

1

**XXIV.**

2

**ORDER TO SHOW CAUSE**

3    **IT IS FURTHER ORDERED**, pursuant to Fed. R. Civ. P. 65(b), that Defendants

4    shall appear before this Court on the ___ day of _____, 2008 at _____

5    __.m., to show cause, if there is any, why this Court should not enter a preliminary

6    injunction, pending final ruling on the Complaint, against Defendants enjoining them

7    from violations of Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a) and 52,

8    Section 907(a) of EFTA, 15 U.S.C. § 1693a(e), and Section 205.10(b) of Regulation E,

9    12 C.F.R. § 205.10(b), and imposing such additional relief as may be appropriate.

10

**XXV.**

11

**SERVICE OF PLEADINGS, MEMORANDA, AND OTHER EVIDENCE**

12    **IT IS FURTHER ORDERED** that Defendants shall file with the Court and serve

13    on Plaintiff's counsel any answering affidavits, pleadings, motions, expert reports or

14    declarations, and/or legal memoranda no later than four (4) business days prior to the

15    hearing on Plaintiff's request for a preliminary injunction.

16    Plaintiff may file responsive or supplemental pleadings, materials, affidavits, or

17    memoranda with the Court and serve the same on counsel for Defendants no later than

18    one (1) business day prior to the preliminary injunction hearing in this matter.

19    *Provided that* service shall be performed by personal or overnight delivery, by

20    facsimile, by email, or in accordance with the Court's ECF procedures, and documents

21    shall be delivered so that they shall be received by the other parties no later than 4:00

22    p.m. (Pacific Daylight Time) on the appropriate dates listed in this Section XXV.

23

**XXVI.**

24

**MOTION FOR LIVE TESTIMONY; WITNESS IDENTIFICATION**

25    **IT IS FURTHER ORDERED** that the question of whether this Court should

26    enter a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil

27    Procedure enjoining the Defendants during the pendency of this action shall, in

28    accordance with Local Rule 7-6 of the Northern District of California, be resolved on the

1  pleadings, declarations, exhibits, and memoranda filed by, and oral argument of, the

2  parties.  Oral testimony shall be heard only on further order of this Court.  Any motion

3  requesting oral testimony shall be filed with the Court and served on counsel for the other

4  parties at least three (3) business days prior to the preliminary injunction hearing in this

5  matter.  Such motion shall set forth the name, address, and telephone number of each

6  proposed witness, a detailed summary or affidavit revealing the substance of each

7  proposed witness's expected testimony, and an explanation of why the taking of oral

8  testimony would be helpful to this Court.  Any papers opposing a timely motion to

9  present oral testimony or to present oral testimony in response to another party's timely

10  motion to present oral testimony shall be filed with this Court and served on the other

11  parties at least two (2) business days prior to the preliminary injunction hearing in this

12  matter, *provided* that service shall be performed by personal or overnight delivery or by

13  facsimile, and documents shall be delivered so that they shall be received by the other

14  parties no later than 4:00 p.m. (Pacific Daylight Time) on the appropriate dates provided

15  in this Section XXVI.

16                                         **XXVII.**

17                **CORRESPONDENCE WITH AND NOTICE TO PLAINTIFF**

18         **IT IS FURTHER ORDERED** that**,** with regard to any correspondence,

19  pleadings, or notifications related to this Order, except as specified above, service on the

20  Commission shall be performed by personal or overnight delivery, by facsimile, by e-

21  mail, or in accordance with the Court's ECF procedures to:

22              THOMAS DAHDOUH
              Federal Trade Commission
23              901 Market Street, Suite 570
              San Francisco, CA  94103
24              Phone (415) 848-5100/Fax (415) 848-5184
              email: tdahdouh@ftc.gov
25

26                                        **XXVIII.**

27                          **EXPIRATION OF THIS ORDER**

28         **IT IS FURTHER ORDERED** that the Temporary Restraining Order granted

1  herein shall expire on _____, 2008, at 11:59 p.m. (Pacific Standard

2  Time), unless within such time the Order, for good cause shown, is extended, or unless,

3  as to any Defendant, the Defendant consents that it should be extended for a longer

4  period of time.

5                                                    **XXIX.**

6                                    **RETENTION OF JURISDICTION**

7          **IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this

8  matter for all purposes.

9                                              IT IS SO ORDERED:

10

11

12     DATED: _____     _____

13                                                UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28