1  WILLIAM BLUMENTHAL
   General Counsel
2
   JANICE L. CHARTER Colo. Bar No. 12750
3  DAVID M. NEWMAN Cal. Bar No. 54218
   THOMAS DAHDOUH N.Y. Bar No. 2222370
4  Federal Trade Commission
   901 Market Street, Suite 570
5  San Francisco, CA  94103
   Phone (415) 848-5100/ Fax (415) 848-5184
6  jcharter@ftc.gov
   dnewman@ftc.gov
7  tdahdouh@ftc.gov

8  Attorneys for Plaintiff
   Federal Trade Commission
9

10              UNITED STATES DISTRICT COURT
           NORTHERN DISTRICT OF CALIFORNIA
11             SAN FRANCISCO DIVISION

12  FEDERAL TRADE COMMISSION,

13          Plaintiff,
                                          Case No:  C08-1718  VRW
14              v.

15  NEXTCLICK MEDIA, LLC, a Delaware
    limited liability company, dba Stop
16  Smoking180.com,
    Stopsmokingresolution.com,
17  Beautifulskin.com, and
    OnLineDirectProducts;
18                                        STIPULATED PRELIMINARY
    NEXT INTERNET, LLC, a Delaware        INJUNCTION
19  limited liability company,

20  KENNETH CHAN, individually and as an
    officer of NEXTCLICK MEDIA, LLC, and
21  NEXT INTERNET, LLC,  and

22  ALBERT CHEN, individually and as an
    officer of NEXT CLICK MEDIA, LLC,
23

24          Defendants.

25

26      Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), having filed a

27  Complaint for an injunction and other equitable relief pursuant to Sections 5(a) and 13(b)

28  of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a) and 53(b), and

1   having moved for a preliminary injunction, and the parties having agreed to entry of this

2   Stipulated Preliminary Injunction ("Preliminary Injunction"), and the Court having

3   considered the Complaint, declarations, and other materials filed in this action, and now

4   being advised in the premises, finds that:

5       1.      This Court has jurisdiction of the subject matter of this case and

6   jurisdiction over all the parties, and venue in this district is proper;

7       2.      For purposes of this Stipulated Preliminary Injunction, the Complaint states

8   a claim upon which relief may be granted under Sections 5(a) and 13(b) of the FTC Act,

9   15 U.S.C. §§ 45(a) and 53(b);

10      3.      The Commission and Defendants agree that this Preliminary Injunction is

11  binding in form and scope pursuant to Federal Rule of Civil Procedure 65(d);

12      4.      This Preliminary Injunction is in the best interest of all parties to this action

13  and is in the public interest;

14      5.      This Preliminary Injunction does not constitute, and shall not be interpreted

15  to constitute, an admission by Defendants that they have engaged in violations of any law

16  or regulation.  The stipulation and entry of this Preliminary Injunction is not to be

17  construed or deemed a waiver of any claims or defenses that may be raised in this action;

18  and

19      6.      No security is required of any agency of the United States for issuance of a

20  preliminary injunction.  Fed. R. Civ. P. 65(c).

21                              **ORDER**

22                          **DEFINITIONS**

23      For the purposes of this Preliminary Injunction, the following definitions shall

24  apply:

25      1.      "Assets" means any legal or equitable interest in, right to, or claim to any

26  real or personal property including, but not limited to, chattels, goods, instruments,

27  equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries,

28  inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the

1  Uniform Commercial Code), contracts, shares of stock, and all cash, wherever located;

2       2.      "Billing Information" means any data that enables any person to access a

3  customer's account, such as a credit card, checking, savings, share or similar account,

4  utility bill, mortgage loan account, or debit card;

5       3.      "Charge" means any amount charged or debited to a consumer's credit

6  card, checking, savings, share or similar account, utility bill, telephone bill, mortgage

7  loan account, or debit card, or any similar form of collecting money from a consumer;

8       4.      "Clearly and conspicuously" means that:

9            a.  with regard to print advertisements, solicitations, or other promotional

10           material, the disclosure shall be in a type size and location sufficiently

11           noticeable for an ordinary consumer to read and comprehend it, in print

12           that contrasts with the background against which it appears; in multi-page

13           promotional materials, the disclosure shall appear on the cover or first

14           page; and

15           b.  with regard to Internet advertisements, solicitations, or other

16           promotional material, the disclosure shall be consistent with the

17           Commission's staff's "Dot Com Disclosures"working paper, found at

18           http://www.ftc.gov/bcp/conline/pubs/buspubs/dotcom/index.shtml;

19      5.      "Competent and reliable scientific evidence" shall mean tests, analyses,

20  research, studies, or other evidence based on the expertise of professionals in the relevant

21  area, that has been conducted and evaluated in an objective manner by persons qualified

22  to do so, using procedures generally accepted in the profession to yield accurate and

23  reliable results;

24      6.      "Continuity Program" means any plan, arrangement, or system under

25  which a consumer receives periodic shipments of products or the provision of services

26  without prior notification by the seller before each shipment or service period, regardless

27  of any trial or approval period allowing the consumer to return or be reimbursed for the

28  product or service;

1    7.    "Defendant" means NextClick Media, LLC; Next Internet, LLC; Kenneth

2    Chan; or Albert Chen, or any entity or name through which they do business including,

3    but not limited to, StopSmoking180.com, StopSmoking Resolution.com,

4    BeautifulSkin.com, and OnLineDirectProducts;

5    8.    "Document" is synonymous in meaning and equal in scope to the usage of

6    the term in Fed. R. Civ. P. 34(a);

7    9.    "Material" means likely to affect a person's choice of, or conduct

8    regarding, goods or services;

9    10.    "Preauthorized Electronic Fund Transfer," as defined by the Electronic

10    Fund Transfer Act, 15 U.S.C. § 1693a(9), means an electronic fund transfer authorized in

11    advance to recur at substantially regular intervals; and

12    11.    The terms "and" and "or" in this Preliminary Injunction shall be construed

13    conjunctively or disjunctively as necessary, to make the applicable sentence or phrase

14    inclusive rather than exclusive.

15                            **CONDUCT PROHIBITIONS**

16                                         **I.**

17              **Business Activities Related to Continuity Programs**

18    **IT IS HEREBY ORDERED** that, in connection with the advertising, promoting,

19    offering for sale, or sale of any product or service, Defendants, and their officers, agents,

20    directors, servants, employees, salespersons, independent contractors, attorneys,

21    corporations, subsidiaries, affiliates, successors, and assigns, and all other persons or

22    entities in active concert or participation with them, who receive actual notice of this

23    Preliminary Injunction by personal service or otherwise, whether acting directly or

24    through any trust, corporation, subsidiary, division, or other device, or any of them, are

25    hereby preliminarily restrained and enjoined from:

26    A.    Causing Billing Information to be submitted for payment, directly or

27    indirectly, for any product or service advertised, promoted, offered for sale, or sold as

28    part of an offer or agreement involving a Continuity Program, without obtaining the

express informed consent of consumers to be charged for any such product or service using an account identified with sufficient specificity for consumers to understand what account will be charged.  To evidence consumers' express informed consent, Defendants must disclose clearly and conspicuously, before consumers provide any billing information or pay any fee, all material terms and conditions of the offer or agreement, and obtain consumers' affirmative agreement.  Material terms and conditions of an offer or agreement involving a Continuity Program include, but are not limited to:

1. the fact that the customer's account will be charged unless the customer takes an affirmative action to avoid the Charge(s);

2. the date(s) the Charge(s) will be submitted for payment;

3. the specific steps the customer must take to avoid the Charge(s);

4. all material terms and conditions of a guarantee, refund, or return policy, or if Defendants have a policy of not making refunds or accepting returns, a statement that this is Defendants' policy;

5. the fact, if true, that periodic shipments of products or the periodic provisions or the continuation of services will occur without further action by consumers;

6. a description of each good or the type of good to be included in each shipment or a description of the services that will be performed or continued;

7. if the products are shipped or services provided on a periodic basis, the approximate interval between each shipment or service period or the number of shipments or service periods per year;

8. the cost or range of costs for each shipment or service period, including shipping and handling fees and restocking fees;

9. the minimum number of purchases or minimum service period required by Defendants, if any; and

10. any limitations or restrictions concerning free trials that Defendants

offer to consumers in connection with a Continuity Program including, but not limited to, the dates that a free trial period begins and ends;

B.   Misrepresenting, in any manner, expressly or by implication:

1.   any fact material to a consumer's decision to purchase any product or service sold or offered for sale by any Defendant; and

2.   any material terms and conditions of an offer or agreement involving a Continuity Program including, but not limited to:

a.   the fact that the consumers' account(s) will be charged unless they take affirmative action to avoid the Charge(s);

b.   the date(s) the Charge(s) will be submitted for payment;

c.   the specific steps consumers must take to avoid the Charge(s) or to cancel the Continuity Program;

d.   that any product or service offered as part of an offer or agreement involving a Continuity Program is not offered as part of such an offer or agreement, or may be purchased without entering into such an agreement;

e.   that consumers can "cancel anytime" or the period of time within which consumers can cancel;

f.   that consumers have agreed to receive additional products or services;

g.   that consumers are obligated to pay for subsequently shipped products or services provided;

h.   that Defendants will honor consumers' requests to cancel their participation in Defendants' programs;

i.   that consumers will be able to cancel their participation in Defendants' programs easily; and

j.   that Defendants will use consumers' credit or debit card

1          account numbers only to charge for shipping and handling;

2       C.      Failing to honor a request that Defendants receive to cancel any sale or

3 transaction involving enrollment in a Continuity Program, and to provide a refund in

4 accordance with Defendants' disclosed guarantee, refund, or return policy; and

5       D.      If Defendants require any mechanism in order for a consumer to obtain a

6 refund, including, but not limited to, a return authorization number, failing to employ

7 technology and/or personnel sufficient to enable a consumer to obtain such mechanism

8 within five business days of the consumer's first attempt to obtain such mechanism.

9 **II.**

10 **Business Activities Prohibited Pursuant to the Electronic Fund Transfer Act**

11       **IT IS FURTHER ORDERED** that Defendants, and their officers, agents,

12 directors, servants, employees, salespersons, independent contractors, attorneys,

13 corporations, subsidiaries, affiliates, successors, and assigns, and all other persons or

14 entities in active concert or participation with them, who receive actual notice of this

15 Preliminary Injunction by personal service or otherwise, whether acting directly or

16 through any trust, corporation, subsidiary, division, or other device, or any of them, are

17 hereby preliminarily restrained and enjoined from:

18       A.      In connection with any consumer who is enrolled into any Continuity

19 Program subsequent to the date of this Preliminary Injunction and who uses a debit card

20 or other means of electronic funds transfer,

21            1.      failing to obtain written authorization for preauthorized Electronic

22                 Fund Transfers from a consumer's account before initiating any

23                 Preauthorized Electronic Fund Transfer, as required by Section

24                 907(a) of EFTA, 15 U.S.C. § 1693e(a) and Section 205.10(b) of

25                 Regulation E, 12 C.F.R. § 205.10(b), as more fully set out in Section

26                 205.10 of the Federal Reserve Board's Official Staff Commentary to

27                 Regulation E, 12 C.F.R. § 205, Supp. I; and

28            2.      failing to comply with Section 205.10 of the Federal Reserve

1    Board's Official Staff Commentary to Regulation E, 12 C.F.R.

2    § 205, Supp. I; and

3    B.    In connection with any consumer who was enrolled into any Continuity

4    Program prior to the date of this Preliminary Injunction and who indicated the use of a

5    credit card when in fact a debit card was used, if entities covered by this provision later

6    find that the card used is a debit card, failing to obtain written authorization for

7    preauthorized Electronic Fund transfers from the consumer's account as soon as

8    reasonably possible, or ceasing to debit the consumer's account, as required by Section

9    907(a) of EFTA, 15 U.S.C. § 1693e(a) and Section 205.10(b) of Regulation E, 12 C.F.R.

10   § 205.10(b), as more fully set out in Section 205.10 of the Federal Reserve Board's

11   Official Staff Commentary to Regulation E, 12 C.F.R. § 205, Supp. I.

12                                        **III.**

13        **Prohibited Representations About Smoking-Cessation Products**

14        **IT IS FURTHER ORDERED** that, in connection with the manufacturing,

15   labeling, advertising, promotion, offering for sale, sale, or distribution of any smoking-

16   cessation product, Defendants, and their officers, agents, directors, servants, employees,

17   salespersons, independent contractors, attorneys, corporations, subsidiaries, affiliates,

18   successors, and assigns, and all other persons or entities in active concert or participation

19   with them, who receive actual notice of this Preliminary Injunction by personal service or

20   otherwise, whether acting directly or through any trust, corporation, subsidiary, division,

21   or other device, or any of them, are hereby preliminarily restrained and enjoined from

22   making any representation, in any manner, expressly or by implication, about the

23   absolute or comparative benefits, performance, efficacy, safety, or side effects of such

24   product, including, but not limited to, any representation that such product:

25        A.    Is more effective than nicotine patches, nicotine gum, and prescription

26   medications for smoking cessation; and

27        B.    Has a certain level of effectiveness;

28   unless the representation, including any such representation made through the use of

1 endorsements or trade names, is true, non-misleading, and, at the time it is made,

2 Defendants possess and rely upon competent and reliable scientific evidence that

3 substantiates such representation.

### IV.

### Restriction on Dissipation of Certain Specified Assets

6      A.      **IT IS FURTHER ORDERED** that Defendant NextClick Media, LLC, and

7 its officers, directors, agents, servants, employees, salespersons, distributors,

8 corporations, subsidiaries, affiliates, successors, assigns, and those persons or entities in

9 active concert or participation with them who receive actual notice of this Preliminary

10 Injunction by personal service, facsimile, or otherwise, are hereby preliminarily

11 restrained and enjoined from this date forward from selling, liquidating, assigning,

12 transferring, converting, loaning, further encumbering, pledging, concealing, dissipating,

13 spending, withdrawing, or otherwise disposing of any funds, real or personal property, or

14 other assets or any interest therein, of NextClick Media, LLC, wherever located,

15 including any assets outside the territorial United States, except for business expenses

16 that are reasonable, actual, ordinary, and necessary, and reasonable attorneys fees.

17 Defendant NextClick Media, LLC, shall produce a quarterly balance sheet to the

18 Commission no later than ten (10) business days after the end of each quarter.

19 Defendant NextClick Media, LLC, shall further create and maintain books, records, and

20 accounts which, in reasonable detail, accurately, fairly, and completely reflect the

21 incomes, assets, disbursements, transactions, and use of monies by any Defendant or

22 other entity directly or indirectly under the control of any Defendant.

23      B.      **IT IS FURTHER ORDERED** that Defendant Next Internet, LLC, and its

24 officers, directors, agents, servants, employees, salespersons, distributors, corporations,

25 subsidiaries, affiliates, successors, assigns, and those persons or entities in active concert

26 or participation with them who receive actual notice of this Preliminary Injunction by

27 personal service, facsimile, or otherwise, are hereby preliminarily restrained and enjoined

28 from this date forward from selling, liquidating, assigning, transferring, converting,

1   loaning, further encumbering, pledging, concealing, dissipating, spending, withdrawing,

2   or otherwise disposing of any interest in the following entities: Webjuice, LLC; Winzy,

3   LLC; Next Dating, LLC; NextClick Media, LLC; NextStyle, LLC; Next Eats, LLC;

4   Mediahit, LLC; WebYES! LLC; and Gimundo, LLC.

5      C.      **IT IS FURTHER ORDERED** that Defendant Kenneth Chan is hereby

6   preliminarily restrained and enjoined from this date forward from selling, liquidating,

7   assigning, transferring, converting, loaning, further encumbering, pledging, concealing,

8   dissipating, spending, withdrawing, or otherwise disposing of any interest in the property

9   located at 88 King Street, Apt. 1208, San Francisco, CA 94107; and

10     D.      **IT IS FURTHER ORDERED** that Defendant Albert Chen is hereby

11  preliminarily restrained and enjoined from this date forward from selling, liquidating,

12  assigning, transferring, converting, loaning, further encumbering, pledging, concealing,

13  dissipating, spending, withdrawing, or otherwise disposing of any interest in the

14  properties located at 75 Folsom Street, #1702, San Francisco, CA 94105, and 410

15  Atkinson Drive #2221, Honolulu, HI 96814.

16     **Provided, however**, that Defendants' agreement to this provision of the

17  Preliminary Injunction does not create any inference or admission of liability on the part

18  of any Defendant.

19                                   **V.**

20              **Preservation of Records and Other Evidence**

21     **IT IS FURTHER ORDERED** that Defendants, and their officers, directors,

22  agents, servants, employees, salespersons, distributors, corporations, subsidiaries,

23  affiliates, successors, assigns, and those persons or entities in active concert or

24  participation with them who receive actual notice of this Preliminary Injunction by

25  personal service, facsimile, or otherwise, are hereby enjoined from:

26     A.      Destroying, erasing, mutilating, concealing, altering, transferring or

27  otherwise disposing of, in any manner, directly or indirectly, any smoking cessation

28  product or any product involving a Continuity Program advertised, marketed, promoted,

1  offered for sale, distributed, or sold by any Defendant;

2      B.    Destroying, erasing, mutilating, concealing, altering, transferring or

3  otherwise disposing of, in any manner, directly or indirectly, contracts, agreements,

4  customer files, customer lists, customer addresses and telephone numbers,

5  correspondence, advertisements, brochures, sales material, training material, sales

6  presentations, documents evidencing or referring to products or services sold by

7  Defendants, data, computer tapes, disks, or other computerized records, books, written or

8  printed records, handwritten notes, telephone logs, "verification" or "compliance" tapes

9  or other audio or video tape recordings, receipt books, invoices, postal receipts, ledgers,

10 personal and business canceled checks and check registers, bank statements, appointment

11 books, copies of federal, state or local business or personal income or property tax

12 returns, and other documents or records of any kind, including electronically-stored

13 materials, that relate to the business practices alleged in the Commission's Complaint or

14 business or personal finances of any Defendant or other entity directly or indirectly under

15 the control of any Defendant.

## VI.

### Accounting Provisions

18     **IT IS FURTHER ORDERED** that, within fifteen (15) business days after service

19 of this Preliminary Injunction,

20     A.    For any smoking-cessation product or service, or for any product or service

21 involving a Continuity Program, which Defendants, their officers, directors, agents,

22 servants, employees, salespersons, distributors, corporations, subsidiaries, affiliates,

23 successors, or assigns have advertised, marketed, promoted, offered for sale, or sold,

24 Defendants shall serve on counsel for the Commission a detailed accounting, broken

25 down by product or service, of:

26         1.    all gross revenues obtained from sales connected with any such

27             promotions, products, or services from inception of sales through

28             the date of entry of this Preliminary Injunction;

2.    all net profits obtained from sales connected with any such

promotions, products, or services from inception of sales through

the date of entry of this Preliminary Injunction;

3.    the total number of sales connected with any such promotions,

products, or services; and

4.    all refunds, chargebacks and similar repayments to consumers.

B.    Defendants shall prepare and provide to the Commission complete and

accurate individual and corporate financial statements, in the form provided by the

Commission, signed under penalty of perjury, and copies of personal and corporate

income tax returns (local, state, and federal) for the last three (3) years;

C.    Defendants shall further provide the Commission with a complete and

accurate corporate financial statement in the form provided by the Commission, signed

under penalty of perjury, for any corporation owned or controlled by any Defendant and

not named in the caption;

D.    Defendants NextClick Media, LLC, and Next Internet, LLC, shall provide

profit-and-loss statements from the date of incorporation or formation through the date of

this Preliminary Injunction; and

E.    Each Defendant shall provide the Commission with access to records and

documents pertaining to assets of such Defendant that are held by financial institutions

outside the territory of the United States, by signing a document entitled "Consent to

Release of Financial Records," which the Commission has provided.

### VII.

### Repatriation of Assets

**IT IS FURTHER ORDERED** that, within five (5) business days after service of

this Preliminary Injunction, each Defendant shall:

A.    Repatriate to the United States all funds, documents, or assets in foreign

countries held, jointly or singly, either by, for the benefit of, or under the direct or

indirect control of such Defendant, if any;

B.     On the same business day as any repatriation under Subparagraph A above,

     1.     notify the Commission of the name and location of the financial institution or other entity that is the recipient of any such funds, documents, or assets; and

     2.     serve this Preliminary Injunction on any such financial institution or other entity;

C.     Provide the Commission with a full accounting of all funds, documents, and assets outside of the territory of the United States held, jointly or singly, either by, for the benefit of, or under the direct or indirect control of such Defendant, if any; and

D.     Hold and retain all repatriated funds, documents, and assets and prevent any transfer, disposition, or dissipation whatsoever of any such assets or funds, if any.

## VIII.

## Interference with Repatriation

**IT IS FURTHER ORDERED** that Defendants are hereby preliminarily restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign assets, if any, or in the hindrance of the repatriation required by Section VII of this Preliminary Injunction, including but not limited to:

A.     Sending any statement, letter, fax, e-mail or wire transmission, telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement, until such time that all assets have been fully repatriated pursuant to Section VII of this Preliminary Injunction; and

B.     Notifying, or causing the notification of, any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Preliminary Injunction, or of the fact that repatriation is required pursuant to a Court Order, until such time that all assets have been fully repatriated pursuant to Section VII of this Preliminary Injunction.

**IX.**

**Notification of Business Activities**

**IT IS FURTHER ORDERED** that Defendants Kenneth Chan and Albert Chen are hereby restrained and enjoined from creating, operating, or exercising any control over any business entity not named herein, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing counsel for the Commission with a written statement disclosing the following: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

**IT IS FURTHER ORDERED** that Defendants Kenneth Chan and Albert Chen shall notify the Commission at least seven (7) days prior to any affiliation with any new or previously inactive business or employment.  Each notice shall include the applicable Defendant's new business address and a statement of the nature of the new business or employment and of his duties and responsibilities in connection with that business or employment.

**X.**

**Non-disclosure of Consumer Lists**

**IT IS FURTHER ORDERED** that Defendants are preliminarily restrained and enjoined from selling, renting, leasing, transferring, or otherwise disclosing the name, date of birth, address, telephone number, credit card number, bank account number, email address, or other identifying information of any person who submitted such information to Defendant NextClick Media, LLC, at any time prior to entry of this Preliminary Injunction, **provided, however**, that Defendants may disclose such identifying information to a law enforcement agency, or as required by any law, regulation, or court order, **provided further** that this provision shall not apply to such information received by Defendants separate and apart from its provision to NextClick Media, LLC.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**XI.**

**Consumer Reports**

 **IT IS FURTHER ORDERED** that the Commission may obtain consumer reports concerning any Defendant pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), and that, upon written request, any credit reporting agency from which such reports are requested shall provide them to the Commission.

**XII.**

**Distribution of Preliminary Injunction**

 **IT IS FURTHER ORDERED** that Defendant NextClick Media, LLC, shall within ten (10) business days provide a copy of this Preliminary Injunction to each affiliate, subsidiary, division, sales entity, successor, assign, officer, director, employee, independent contractor, distributor, agent, attorney, ad broker, advertising agency, fulfillment house, call center, domain registrar, mail receipt facility, and representative of Defendant NextClick Media, LLC; and Defendant Next Internet, LLC, shall immediately provide a copy of this Preliminary Injunction to each of its officers, directors, members, and managers, and, within ten (10) business days following service of this Preliminary Injunction on Defendants, Defendants NextClick Media, LLC, and Next Internet, LLC, shall provide the Commission with an affidavit identifying the names, titles, addresses, and telephone numbers of the persons and entities that Defendants have served with a copy of this Preliminary Injunction in compliance with this provision.

**XIII.**

**Correspondence with and Notice to Parties**

 **IT IS FURTHER ORDERED** that**,** with regard to any correspondence, pleadings, or notifications related to this Preliminary Injunction, except as specified above, service shall be performed by personal or overnight delivery, by facsimile, by email, or in accordance with the Court's ECF procedures to:

1    THOMAS DAHDOUH
     Federal Trade Commission
2    901 Market Street, Suite 570
     San Francisco, CA 94103
3    Phone (415) 848-5100/Fax (415) 848-5184
     Email: tdahdouh@ftc.gov
4
     and
5
     LEWIS ROSE
6    Kelley Drye & Warren, LLC
     3050 K Street, N.W.
7    Suite 400
     Washington, DC 20007
8    Phone: (202) 342-8821/Fax: (202) 342-8451
     Email: lrose@kelleydrye.com
9

10                          **XIV.**

11                **Retention of Jurisdiction**

12        **IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this

13   matter for all purposes.

14        IT IS SO STIPULATED:

15        DATED: 4/21/2008          /s/
                                    JANICE L. CHARTER
16                                  DAVID M. NEWMAN
                                    THOMAS DAHDOUH
17
                                    Attorneys for Plaintiff
18                                  Federal Trade Commission

19

20        DATED: 4/21/2008          /s/
                                    LEWIS ROSE
21                                  D. REED FREEMAN
                                    MICHAEL LYNCH
22                                  Kelley Drye & Warren, LLC

23                                  Attorneys for Defendants

24

          PURSUANT TO STIPULATION, IT IS SO ORDERED:
25

26
          DATED: ___April 23, 2008___
27                                  _____
                                    VAUGHN R. WALKER
28                                  UNITED STATES DISTRICT JUDGE